IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

GREAT LAKES INSURANCE SE,

    Plaintiff,

v.

BLUE LAGOON LLC,

    Defendant.

---

**COMPLAINT FOR DECLARATORY JUDGMENT**
IN ADMIRALTY

---

PLAINTIFF, Great Lakes Insurance SE, by and through counsel, Gordon Rees Scully Mansukhani, LLP, submits the following Complaint for Declaratory Judgment:

## I. INTRODUCTION

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, et seq. in that a present controversy exists between the parties hereto in which Plaintiff respectfully requests this Court adjudicate and determine the rights of the parties to a contract of marine insurance that is in dispute.

## II. JURISDICTION AND VENUE

2. This is an admiralty and maritime cause within the meaning of Fed. R. Civ. P. 9(h) and 38(e). The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

3.       Plaintiff, Great Lakes Insurance SE, is a corporation organized and existing under the laws of the Federal Republic of Germany, with its office and principal place of business located in the City of Munich.

4.       Defendant, Blue Lagoon, LLC is a limited liability company organized under the laws of the State of Colorado, with its principal place of business located in the State of Colorado.

5.       The Court has general jurisdiction over the parties pursuant to *Daimler AG v. Bauman*, 571 U.S. 117 (2014).

6.       Venue is proper in the United States District Court for the District of Colorado as Defendant is a resident of Colorado.  In addition, venue is proper in the United States District Court for the District of Colorado because in an admiralty case, venue is proper in any court with personal jurisdiction over the defendant.  Finally, venue is proper in the United States District Court for the District of Colorado because Defendant agreed that it would be subject to jurisdiction in this Court.

### III.   ALLEGATIONS

**A.  THE LOSS**

7.       On May 24, 2021, Scott S. Shrader was operating *Blue Moon*, a 2011 56' Lagoon, FR-CNB56010A111, ("Vessel") from the Atlantic Ocean through the inlet which leads to Cape Canaveral, Florida.

8.       The mast of the Vessel came in contact with high voltage power lines overhead.

9.       The allision severed and brought down the energized power lines.

10.      The Vessel's systems and propulsion engines quit operating and the Vessel ground itself.

11. The Vessel sustained damage to the mast, electrical systems, and propulsion motors.

## B. THE POLICY AND APPLICABLE PROVISIONS

12. At the time of the loss, the Vessel was the scheduled vessel, and Defendant was the named assured, under Policy CSRYP/186018, effective November 23, 2020 to November 23, 2021 ("Policy"). Attached as **Exhibit A** is a true and correct copy of the Policy.

13. The named operators under the Policy were Scott S. Shrader and Jacalyn L. Shrader. **Exhibit A**, 1.

14. The Policy provides coverage for accidental physical loss of or damage to the scheduled vessel that occurs during the period of the insuring agreement and within the limits set out in the insuring agreement declaration page, subject to the insuring agreement provisions, conditions, warranties, deductibles, and exclusions. **Exhibit A**, 5.

15. The Policy contains general conditions and warranties in section 9:

b. It is warranted that the Scheduled Vessel is seaworthy at all times during the duration of the insuring agreement. Breach of this warranty will void this insuring agreement from its inception. ["Seaworthiness Warranty"]

                *                *                *

j. It is warranted that covered persons must at all times comply with all laws and regulations governing the use and or operation of the Scheduled Vessel. We shall not be deemed to provide cover or shall we be liable to pay any claim or provide any benefit hereunder to the extent that the provision of such cover, payment of such claim or provision of such benefit would expose us to any sanction, prohibition or restriction under United Nations resolutions or the trade or economic sanctions, law or regulations of the European Union, United Kingdom or United States of America. ["Regulation Warranty"]

k.     If the Scheduled Vessel is fitted with fire extinguishing equipment, then it is warranted that such equipment is properly installed and is maintained in good working order. This includes the weighing of tanks once a year, certification/tagging and recharging as necessary. ["Fire Extinguisher Warranty"]

*          *          *

m.     This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstance material to our acceptance or continuance of this insurance. No action or inaction by us shall be deemed a waiver of this provision. ["Disclosure Provision"]

*          *          *

r.     Unless we agree in writing to the contrary, if we request a survey of the Scheduled Vessel then it is warranted that such survey is in existence prior to the effective date of this insurance and a copy of the same must be received by us within 30 days of the effective date of this agreement. If the survey makes any recommendations with respect to the Scheduled Vessel, then it is warranted that all such recommendations are completed prior to any loss giving rise to any claim hereunder, by skilled workman using fit and proper materials and that either:

i.     The surveyor who carried out the survey certifies in writing that all recommendations have been completed to his (the surveyor's) satisfaction prior to any loss and/or claim.

Or,

ii.     The workmen/repair yard that carried out the said work and/or recommendations certifies in writing that all recommendations have been completed prior to any loss and/or claim. Failure to comply with this warranty will void this agreement from inception.

["Recommendations Warranty"]

*          *          *

t.     Where any term herein is referred to as a 'warranty' or where any reference is made herein to the word 'warranted', the term shall be deemed a warranty and regardless of whether the same expressly provides that any breach will void this insuring agreement from inception, it is hereby agreed

[4]

       that any such breach will void this policy from inception. ["Breach Provision"]

**Exhibit A**, 12-14.

    16.    The Policy contains a choice-of-law provision which provides:

    11.  Service of Suit, Choice of Law and Forum
    It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists this insuring agreement is subject to the substantive laws of the State of New York.

**Exhibit A**, 16.

### C. THE CLAIM AND INVESTIGATION

    17.    Defendant tendered a claim under the Policy ("Claim").

    18.    An initial survey of the Vessel was conducted on June 9, 2021.

    19.    On June 21, 2020, Defendant was made aware of possible issues with the Claim due to warranties in the Policy.

    20.    On August 20, 2021, Plaintiff reserved all rights under the Policy and requested from Defendant additional documentation to investigate and evaluate the Claim, including information regarding when the fire extinguishers on the Vessel were last weighed, recharged, and certified.

    21.    On August 31, 2021, Defendant indicated it did not recall the last time the fire extinguishers were weighed prior to the loss and it was currently awaiting documentation of a recent service and would forward the records when available.

    22.    Defendant also indicated it could not provide information regarding when the last time the fire extinguishers were recharged prior to the loss or when the last time the fixed fire

system was inspected or certified prior to the loss.

23. On September 27, 2021, Plaintiff requested an examination under oath and that Defendant supplement its prior August 31, 2021 responses with any documents that were still on the Vessel.

24. On October 14, 2021, Defendant indicated that there were no tags on the fixed fire system and there was no documentation regarding the weighing of any fire extinguishers, recharging of fire extinguishers, or inspection or certification of the fixed fire system prior to the loss.

25. Plaintiff took the examination under oath of Scott Schrader on October 25, 2021.

26. On November 10, 2021 and December 6, 2021, Plaintiff advised Defendant that once it had a signed copy of the examination under oath it would have all the documents it needed to make a coverage decision.

27. Mr. Shrader reviewed and signed the Examination Under Oath of Scott Shrader Transcript and provided a signature and errata sheet on December 7, 2021. Attached as **Exhibit B** is a true and correct copy of the transcript of the Examination Under Oath. Attached as **Exhibit C** is a true and correct copy Mr. Shrader's signature and errata sheet.

28. Defendant provided Plaintiff the Signed Examination Under Oath of Scott Shrader and Deposition Errata Sheet on December 8, 2021.

29. On December 28, 2021, based upon the facts available, Plaintiff concluded there was no coverage under the Policy for the Claim. Attached as **Exhibit D** is a true and correct copy of the denial letter. As the Policy is void from inception, Plaintiff has agreed to return the Policy premium to Defendant.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment Re: Breach of the Fire Extinguisher Warranty)

30. Plaintiff incorporates the allegations in all of the foregoing paragraphs as if set forth fully herein.

31. At the time of the 1oss, the Vessel was fitted with fire extinguishing equipment.

32. Defendant warranted, pursuant to the Fire Extinguisher Warranty under the Policy, that the fire extinguishing equipment on the Vessel was properly installed and maintained in good working order.

33. Defendant warranted, pursuant to the Fire Extinguisher Warranty, that the fire extinguishing equipment tanks were weighed once a year.

34. Defendant warranted, pursuant to Fire Extinguisher Warranty, that the fire extinguishing equipment was certified and tagged.

35. Defendant warranted, pursuant to Fire Extinguisher Warranty, that the fire extinguishing equipment was recharged as necessary.

36. Mr. Shrader testified as follows:

Q. Okay. Today, as you sit here today, do you believe the fire extinguishing equipment was in certification at the time of the loss?

A. No.

Q. Okay. And why do you believe that the fire extinguishing equipment was not in certification at the time of the loss?

A. Because there was not a piece of documentation that stated so.

Q. For the fixed fire system, correct?

A. For the fixed fire system, yes.

      *     *     *

Q. Okay. And you concede that you did not comply with section K, correct?

    A.  That is correct.

                     \*                          \*                         \*

Q. Okay. Number 5 says: State in writing the date the portable extinguishers were last weighed. You responded by saying: There's no documentation regarding weighing of either extinguisher. You have no information whatsoever regarding the last date the portable extinguishers were weighed, correct?

A.   That is correct.

Q.  Okay.  Number 7 says: Please state in writing the date the fixed system was last weighed prior to the loss. And you write: No documentation was observed regarding the previous weigh date of the fixed fire system.

Is it correct you don't have any information whatsoever regarding the last day the fixed system was weighed?

A.   That is correct.

                     \*                          \*                         \*

Q.  Number 17 asks you the date the portable extinguishers were last recharged. You have no evidence whatsoever regarding when the portable extinguishers were recharged, correct?

A.  Correct, or if they've ever been recharged.

Q.  Right.  That was my next question.  You don't know if they've ever been recharged, correct?

A.  Correct.

Q.  Number 19 was asking you in writing the date the fixed system was last recharged prior to the loss. You have no evidence whatsoever of the date the fixed system was last recharged, correct?

A.  Correct.

Q.  You don't know if the fixed system has ever been recharged, correct?

A.  Correct.

**Exhibit B**, Examination Under Oath of Scott Shrader, 88:12-15, 93:18-20, 123:17-124:8, 125:7-22.

    37.     Defendant understood the Fire Extinguisher Warranty requires the fixed fire system

to be certified. **Exhibit B**, 71:17-21; **Exhibit C**, Signed Examination Under Oath of Scott Shrader and Deposition Errata Sheet.

38. At the time of the loss, the fire extinguishing equipment was not properly installed.

39. At the time of the loss, the fire extinguishing equipment was not maintained in good working order.

40. At the time of the loss, the fire extinguishing equipment tanks were not weighed once a year.

41. At the time of the loss, the fire extinguishing equipment was not certified.

42. At the time of the loss, the fire extinguishing equipment was not tagged.

43. At the time of the loss, the fire extinguishing equipment was not recharged.

44. At the time of the loss, Defendant was not in compliance with the Fire Extinguisher Warranty of the Policy.

45. Defendant breached the Fire Extinguisher Warranty under the Policy.

46. Pursuant to the Breach Provision of the Policy, Defendant's breach of the Fire Extinguisher Warranty voided the Policy from inception.

47. Defendant understood a breach of a warranty under the Policy precluded coverage:

Q. When you read it recently, what was your understanding of what section T meant?

A. That the elements of the policy that are noted as warranty were essentially a do-or-die condition.

**Exhibit B**, 93:2-5.

48. Defendant's breach of the Fire Extinguisher Warranty voided the Policy from inception and precludes coverage for the Claim.

[9]

49. Plaintiff is informed and believes, and on that basis alleges, that Defendant contends that the Fire Extinguisher Warranty was not breached, coverage is not precluded for the Claim, and the Policy is not voided.

50. A justiciable controversy has arisen as a result of Defendant's Claim for benefits under the Policy.

51. A judicial determination of these issues will fully and finally resolve the uncertainty and controversy relating to the applicability of coverage to Defendant's Claim.

52. Plaintiff seeks a judicial declaration that the Fire Extinguisher Warranty was breached, the Policy is voided from inception, and coverage is precluded for the Claim.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## SECOND CLAIM FOR RELIEF
**(Declaratory Judgment Re: Breach of the Regulation Warranty)**

53. Plaintiff incorporates the allegations in all of the foregoing paragraphs as set forth fully herein.

54. Defendant warranted, pursuant to the Regulation Warranty under the Policy, that Defendant must at all times comply with all laws and regulations governing the use and or operation of the Vessel.

55. Mr. Shrader testified as follows:

Q. So J says that all covered persons must at all times comply with all laws and regulations governing the use and/or operation of the scheduled vessel. At the time of the loss, were you in compliance with all regulations governing the use and operation of the vessel?

A. Apparently not.

**Exhibit B**, 83:8-14.

56. At the time of the loss, Defendant did not at all times comply with all laws and regulations governing the use and or operation of the Vessel.

57. Defendant breached the Regulation Warranty under the Policy.

58. Pursuant to the Breach Provision of the Policy, Defendant's breach of the Regulation Warranty voided the Policy from inception.

59. Defendant understood a breach of a warranty under the Policy precluded coverage. **Exhibit B**, 93:2-5.

60. Defendant's breach of the Regulation Warranty voided the Policy from inception and precludes coverage for the Claim.

61. Plaintiff is informed and believes, and on that basis alleges, that Defendant contends that the Regulation Warranty was not breached, coverage is not precluded for the Claim, and the Policy is not voided.

62. A justiciable controversy has arisen as a result of Defendant's Claim for benefits under the Policy.

63. A judicial determination of these issues will fully and finally resolve the uncertainty and controversy relating to the applicability of coverage to Defendant's Claim.

64. Plaintiff seeks a judicial declaration that the Regulation Warranty was breached, the Policy is voided from inception, and coverage is precluded for the Claim.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### THIRD CLAIM FOR RELIEF
**(Declaratory Judgment Re: Disclosure Provision)**

65. Plaintiff incorporates the allegations in all of the foregoing paragraphs as if set fully forth herein.

66. Pursuant to the Disclosure Provision under the Policy, the Policy is null and void in the event of non-disclosure or misrepresentation of a fact or circumstance material to Plaintiff's acceptance or continuance of insurance.

67. Defendant failed to disclose information and made misrepresentations during the application process, including but not limited to information related to the experience and qualifications of the operators of the Vessel.

68. Defendant misrepresented the Vessel was fitted with the manufacturing recommended fire extinguishing equipment.

69. Defendant misrepresented that it knew what fire extinguishing equipment was recommended for the Vessel.

70. Defendant did not know what the recommended fire extinguishing equipment was for the Vessel at the time it signed the application. **Exhibit B**, 25:61-10.

71. These facts and circumstances were material to Plaintiff's acceptance of the risk.

72. Defendant breached the Disclosure Provision under the Policy.

73. Pursuant to the Disclosure Provision of the Policy, Defendant's breach of the provision precludes coverage for the Claim and voids the Policy from inception.

74. Plaintiff is informed and believes, and on that basis alleges, that Defendant contends that the Disclosure Provision was not breached, coverage is not precluded for the Claim, and the Policy is not voided.

75. A justiciable controversy has arisen as a result of Defendant's Claim for benefits under the Policy.

76. A judicial determination of these issues will fully and finally resolve the uncertainty and controversy relating to the applicability of coverage to Defendant's Claim.

77. Plaintiff seeks a judicial declaration that the Disclosure Provision was breached, the Policy is voided from inception, and coverage is precluded for the Claim.

WHEREFORE, Plaintiff prays for judgment as set forth below.

#### FOURTH CLAIM FOR RELIEF
**(Declaratory Judgment Re: Uberrimae Fidei)**

78. Plaintiff incorporates the allegations in all of the foregoing paragraphs as if set fully forth herein.

79. The federal admiralty doctrine of uberrimae fidei precludes coverage if the assured makes misrepresentations and/or does not disclose facts that materially affect Plaintiff's acceptance of the risk.

80. Defendant failed to disclose information and made misrepresentations during the application process, including but not limited to information related to the experience and qualifications of the operators of the Vessel.

81. Defendant misrepresented the Vessel was fitted with the manufacturing recommended fire extinguishing equipment.

82. Defendant misrepresented that it knew what fire extinguishing equipment was recommended for the Vessel.

83. Defendant did not know what the recommended fire extinguishing equipment was for the Vessel at the time he signed the application. **Exhibit B**, 25:61-10.

84. These facts and circumstances were material to Plaintiff's acceptance of the risk.

85. Defendant's failure to disclose and misrepresentation of material information breached the doctrine of uberrimae fidei and precludes coverage for the Claim.

86. Plaintiff is informed and believes, and on that basis alleges, that Defendant contends that the doctrine of uberrimae fidei was not breached and coverage is not precluded for the Claim.

87. A justiciable controversy has arisen as a result of Defendant's Claim for benefits under the Policy.

88. A judicial determination of these issues will fully and finally resolve the uncertainty and controversy relating to the applicability of coverage to Defendant's Claim.

89. Plaintiff seeks a judicial declaration that the Defendant breached the doctrine of uberrimae fidei and coverage for the Claim is precluded.

90. WHEREFORE, Plaintiff prays for judgment as set forth below.

## FIFTH CLAIM FOR RELIEF
**(Declaratory Judgment Re: Breach of the Seaworthiness Warranty)**

91. Plaintiff incorporates the allegations in all of the foregoing paragraphs as if set fully forth herein.

92. Defendant warranted, pursuant to the Seaworthiness Warranty under the Policy, that the Vessel was seaworthy at all times during the duration of the insuring agreement.

93. Pursuant to the Policy, "seaworthy" means:

> [F]it for the Scheduled Vessel's intended purpose. Seaworthiness applies not only to the physical condition of the hull, but to all its parts, equipment and gear and includes the responsibility of assigning an adequate crew. For the Scheduled Vessel to be seaworthy, it and its crew must be reasonably proper and suitable for its intended use.

**Exhibit A**, 3.

94. The Captain and crew of the Vessel at the time of the loss were not adequately competent and experienced, and the Vessel was insufficiently manned. The crew was not reasonably proper and suitable for the intended use.

95. The Vessel was not seaworthy at the time of the loss. Accordingly, Defendant breached the Seaworthiness Warranty.

96. Pursuant to the Seaworthiness Warranty, any breach of said warranty voids the Policy from its inception.

97. Pursuant to the Breach Provision of the Policy, Defendant's breach of the Seaworthiness Warranty voided the Policy from inception.

98. Defendant understood a breach of a warranty under the Policy precluded coverage. **Exhibit B**, 93:2-5.

99. Defendant's breach of the Seaworthiness Warranty precludes coverage for the Claim and voids the Policy from inception.

100. Plaintiff is informed and believes, and on that basis alleges, that Defendant contends that the Seaworthiness Warranty was not breached, coverage is not precluded for the Claim, and the Policy is not voided.

101. A justiciable controversy has arisen as a result of Defendant's Claim for benefits under the Policy.

102. A judicial determination of these issues will fully and finally resolve the uncertainty and controversy relating to the applicability of coverage to Defendant's Claim.

103. Plaintiff seeks a judicial declaration that the Seaworthiness Warranty was breached, the Policy is voided from inception, and coverage is precluded for the Claim.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### SIXTH CLAIM FOR RELIEF
**(Declaratory Judgment Re: Breach of the Recommendations Warranty)**

104. Plaintiff incorporates the allegations in all of the foregoing paragraphs as if set fully forth herein.

105. Defendant warranted, pursuant to the Recommendations Warranty under the Policy, that all survey recommendations would be completed prior to any loss.

106. Defendant warranted, pursuant to the Recommendations Warranty, that all survey recommendations would be completed by a skilled workman using fit and proper materials.

107. Defendant warranted, pursuant to the Recommendations Warranty, that the workmen/repair yard that carried out the said work and/or recommendations would certify in writing that all recommendations have been completed prior to any loss and/or claim.  In the alternative, Defendant warranted that the surveyor would certify in writing that that all recommendations had been completed prior to any loss and/or claim.

108. All work on the recommendations was not completed by a skilled workman prior to the loss.

109. The workman/repair yard that carried out the work did not certify in writing that all recommendations had been completed prior to the loss.  Nor did the surveyor certify in writing that that all recommendations had been completed prior to the loss.

110. Pursuant to the Recommendations Warranty, failure to comply with said warranty voids the Policy from inception.

111. Pursuant to the Breach Provision of the Policy, Defendant's breach of the Recommendations Warranty voided the Policy from inception.

112. Defendant understood a breach of a warranty under the Policy precluded coverage. **Exhibit B**, 93:2-5.

113. Defendant's breach of the Recommendations Warranty precludes coverage for the Claim and voids the Policy from inception.

114. Plaintiff is informed and believes, and on that basis alleges, that Defendant contends that the Recommendations Warranty was not breached, coverage is not precluded for the Claim, and the Policy is not voided.

115. A justiciable controversy has arisen as a result of Defendant's Claim for benefits under the Policy.

116. A judicial determination of these issues will fully and finally resolve the uncertainty and controversy relating to the applicability of coverage to Defendant's Claim.

117. Plaintiff seeks a judicial declaration that the Recommendations Warranty was breached, coverage is precluded for the Claim, and the Policy is void from inception.

118. WHEREFORE, Plaintiff prays for judgment as set forth below.

### SEVENTH CLAIM FOR RELIEF
### (Declaratory Judgment Re: No Coverage for the Claim)

119. Plaintiff incorporates the allegations in the foregoing paragraphs as if set forth fully herein.

120. There is no coverage under the Policy for the Claim.

121. Defendant is not legally entitled to recover under the Policy for the Claim.

122. Coverage under the Policy is precluded because Defendant breached the terms, conditions, and exclusions of the Policy and/or the Claim does not satisfy the term, conditions, and exclusions of the Policy.

123. Plaintiff is informed and believes, and on that basis alleges, that Defendant contends that the terms, conditions, and exclusions of the Policy were not breached and coverage is not precluded for the Claim.

124. A justiciable controversy has arisen as a result of Defendant's Claim for benefits under the Policy.

125. A judicial determination of these issues will fully and finally resolve the uncertainty and controversy relating to the applicability of coverage to Defendant's Claim.

126. Plaintiff seeks a judicial declaration that there is no coverage for the Claim under the Policy.

127. WHEREFORE, Plaintiff prays for judgment as set forth below.

## IV. CONCLUSION

WHEREFORE, Plaintiff prays for judgment as follows:

a. That this Court find and declare that Defendant is not entitled to benefits under the Policy.

b. That this Court find and declare that Plaintiff is not required to make any payments to or on behalf of Defendant as a result of the loss.

c. That this Court find and declare that the Fire Extinguisher Warranty was breached, coverage for the Claim is precluded, and the Policy is voided from inception.

d. That this Court find and declare that the Regulation Warranty was breached, coverage for the Claim is precluded, and the Policy is voided from inception.

e. That this Court find and declare that the Disclosure Provision was breached, coverage for the Claim is precluded, and the Policy is voided from inception.

    f.   That this Court find and declare that the doctrine of uberrimae fidei was breached and coverage for the Claim is precluded.

    g.   That this Court find and declare that the Seaworthiness Warranty was breached, coverage for the Claim is precluded, and the Policy is voided from inception.

    h.   That this Court find and declare that the Recommendations Warranty was breached, coverage for the Claim is precluded, and the Policy is voided from inception.

    i.   That this Court find and declare that there is no coverage for the Claim.

    j.   For costs of suit.

    k.   For such other relief as the Court deems just and proper.

DATED this the 28th day of December, 2021.

                    /s/ *Paul W. Jordan*
                    Paul W. Jordan, Esq.
                    GORDON REES SCULLY MANSUKHANI, LLP
                    555 Seventeenth Street, Suite 3400
                    Denver, Colorado 80202
                    Telephone: (303) 534-5160
                    pwjordan@grsm.com
                    *Attorney for Plaintiff*